UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KROGER CO., : CASE NO. 1:09-CV-722
:
       Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 42, 43]
RANDY MERRILL, et al, :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Kroger Company moves this Court to compel discovery and objects to the Magistrate Judge's order denying that discovery. [Doc. 42.] Defendants Randy Merrill, Judy Merrill, and James Merrill ("the Merrills") have not filed a response, but the Court understands that they object to the motion. [*See* Transcript of Telephone Conference before the Magistrate Judge, May 21, 2009.] The Merrills have also filed a motion for a protective order regarding other discovery requests of the Plaintiff. [Doc. 43.] For the reasons discussed below, this Court **GRANTS** the Plaintiff's motion to compel discovery and **DENIES** the Defendants' motion for a protective order.

I. Background

    On March 31, 2009, Plaintiff Kroger Company sued Defendants Randy Merrill, Judy Merrill, and James Merrill for declaratory judgment, breach of contract, and unjust enrichment. [Doc. 1.][1/] In January 2007, Kroger contracted with Pinnacle Construction Management, Inc., ("Pinnacle"), a business allegedly incorporated by the Merrills, to perform construction work on one of Kroger's Ohio stores. As of February 2008, following legal troubles and at least one adverse judgment, the

---

[1/] Kroger subsequently filed an amended complaint, but the claims remain substantively the same. [Doc. 22.]

Case No. 1:09-CV-722
Gwin, J.

Merrills ceased Pinnacle's operations.  Kroger contends that the Merrills then continued operations as A.J. Miles Company, Inc., which was incorporated by Leigh Ann Sowles.  Kroger seeks to pierce the corporate veil of Pinnacle to substantiate its allegations of fraud against the Merrills.  Motions to dismiss for lack of personal jurisdiction and to transfer venue are both currently pending before this Court. [Doc. 26, 27.]

On May 4, 2009, Plaintiff Kroger filed notice of a discovery dispute in the case, claiming that the Merrills were not providing adequate responses to discovery requests regarding the Merrills' and Pinnacle's financial records. [Doc. 23.] The Court referred the dispute to Magistrate Judge Nancy Vecchiarelli according to Local Rule 37.1. [Doc. 28.] After holding a telephone conference, Magistrate Judge Vecchiarelli issued an order on May 26, 2009, concluding that the Plaintiff is not entitled to all of the individual Defendants' financial records and requiring the Merrills to produce all documents relating to Pinnacle and entities doing business with Pinnacle during the relevant time periods. [Doc. 32.]

In the instant motion to compel discovery, Plaintiff Kroger argues that it requires the discovery at issue to demonstrate the facts necessary to pierce Pinnacle's corporate veil and show that the Merrills failed to "observe formal corporate boundaries in operating the company." [Doc. 42 at 2.] Kroger notes that the commingling of personal and corporate funds is a factor in determining that a corporation is an alter ego of individual defendants.  [Id. at 6-7.] As a result, Kroger asserts that the personal financial records of the individual Defendants "are not just likely to lead to admissible evidence – they are admissible evidence." [Id. at 8.] Given that Kroger claims the Merrills committed fraud, Kroger believes it should not be required to rely on the Defendants' determinations of what records are relevant and discoverable. [Id.]

-2-

Case No. 1:09-CV-722
Gwin, J.

In the instant motion for a protective order, the Merrill Defendants seek to prevent Kroger from conducting depositions of Leah and Robert Sowles and their attorney, Jay Schwartz. [Doc. 43.] The Merrills argue these depositions are beyond the scope of discovery in this case because the three individuals are not parties to the litigation; were never officers, shareholders, or directors of Pinnacle; and had no involvement in the January 29, 2007 contract between Kroger and Pinnacle. [Id.] Therefore, the Merrills contend, there is no reason to believe the Sowles or Schwartz will have testimony relevant to the issue of piercing Pinnacle's corporate veil. [Id.]

## II.  Legal Standard

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action.  Fed R. Civ. P. 26(b)(1).  Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.* A party may request documents that are in the "possession, custody, or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).

The Sixth Circuit has noted that a "discovery request is generally unobjectionable 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Marshall v. Bramer,* 828 F.2d 355, 358 (6th Cir. 1987)(quoting Fed. R. Civ. P. 26(b)(1)).  Rule 26 is to be liberally construed to permit broad discovery.  *See U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery").

Parties may also petition the court for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37.  Specifically, Rule 37(a)(2)(B) enables a court to enter an order "compelling an answer,

Case No. 1:09-CV-722
Gwin, J.

or a designation, or an order compelling inspection in accordance with the request" for failure to respond to a Rule 33 interrogatory. *Id.* The rule also provides for sanctions against parties that do not cooperate with discovery. *Id.* For purposes of this rule, Rule 37(a)(3) instructs that an "evasive or incomplete" answer must be treated as a complete failure to answer. *Id.*

The Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." upon a showing of good cause. FED. R. CIV. P. 26(c). A trial court can, in its sound discretion, grant a motion for a protective order. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request. *York v. Am. Med. Sys., Inc.*, No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998). The movant bears the burden of demonstrating that the balancing of hardships weighs in his favor. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

III. Analysis

The Court first considers Kroger's motion to compel discovery of the financial records of the individual Defendants. In seeking to pierce the corporate veil of Pinnacle, Kroger must show that Pinnacle served as an alter ego of the individual Defendants. *Transition Healthcare Assoc., Inc. v. Tri-State Health Investors, LLC*, 306 F. App'x 273, 280 (6th Cir. 2009).[2/] This inquiry includes

---

[2/] Plaintiff contends, and the Court agrees, that whether Ohio or Michigan law governs the action is irrelevant, as the law in both states on the subject of piercing the corporate veil is sufficiently similar for the purposes of this discovery request. *Compare Transition Healthcare Assoc.*, 306 F. App'x at 280 ("Under Ohio law, the corporate form may be disregarded . . . when the following conditions are met: (1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from
(continued...)

-4-

Case No. 1:09-CV-722
Gwin, J.

whether the Defendants commingled personal and corporate funds. *Id*. at 280-82. While this information would likely be evident from a complete picture of Pinnacle's financial records, Kroger need not rely on the Merrills' representation that they have provided all such information, particularly when the claims includes allegations of fraud. Indeed, the financial records of the individual Defendants are relevant to the allegations in this action that the Merrills abused the corporate form of Pinnacle. Therefore, the financial records of the individual Defendants fall within the "extremely broad" range of discoverable evidence.

With respect to the Defendants' motion for a protective order, the Court notes that although it is styled as a motion for a protective order, the motion does not seek to prevent the public disclosure of the information, but rather seeks to prevent the Plaintiff from obtaining the discovery at all. The Court reiterates the broad range of discoverable evidence according to Rule 26(b). Kroger alleges corporate misbehavior by the Merrills via Pinnacle and subsequently through A.J. Miles, Inc., a company incorporated by Leah Sowles. The depositions in question may lead to evidence regarding the fraudulent actions of the Merrills. Therefore, the Court, in its discretion, declines to grant a protective order preventing the depositions. Considering the economic hardship and the scheduling conflicts the Merrills claim on behalf of the Sowles, the Court urges the parties to agree to some less onerous conditions of the depositions, or at least to endeavor to reschedule them for a mutually agreeable date.

IV. Conclusion

---

[2/](...continued)
such control and wrong."), *with Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) ("Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss.").

Case No. 1:09-CV-722
Gwin, J.

For the foregoing reasons, this Court **GRANTS** the Plaintiff's motion to compel and **DENIES** the Defendants' motion for a protective order. [Doc. 42, 43]. The Court orders the Defendants to produce materials regarding their individual financial records as requested in the Plaintiff's interrogatories and document requests. The Court will consider the imposition of Rule 37 sanctions should the Defendants fail to comply with this order.

While the Court does not grant a protective order relative to this discovery, the parties are not to disclose any of the discovered information to anyone outside this litigation. Before either party files any documents that include any of this information, they need provide notice to the opposing party to afford them an opportunity to object to the filing.

Finally, this Court notes that it is clear that the parties and their counsel have not made a sincere attempt to cooperate in pretrial discovery and thus encourages all case participants to try to minimize further needless frustration, time, and expense associated with the discovery process.

IT IS SO ORDERED.


Dated: June 16, 2009               s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE