UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
KROGER CO.,                                    :    CASE NO. 1:09-CV-722
                                               :
        Plaintiff,                             :
                                               :
vs.                                            :    ORDER & OPINION
                                               :    [Resolving Doc. No. 27]
RANDY MERRILL, et al,                          :
                                               :
        Defendants.                            :
                                               :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Randy Merrill, Judy Merrill, and James Merrill ("the Merrills") move this Court to dismiss the complaint due to improper venue or to transfer venue to the Eastern District of Michigan. [Doc. 27.] Plaintiff The Kroger Company ("Kroger") opposes the motion. [Doc. 40.] The Merrills have filed a reply. [Doc. 53.] For the reasons discussed below, this Court **DENIES** the Defendants' motion to dismiss due to improper venue and **DENIES** the Defendants' motion to transfer venue.

I.  Background

On March 31, 2009, Plaintiff Kroger sued Defendants Randy Merrill, Judy Merrill, and James Merrill for breach of contract, and unjust enrichment. [Doc. 1.][1/] Kroger is an Ohio corporation with a principal place of business in Ohio, and the Merrills are all citizens of Michigan. [Doc. 1 at 1-2.] The parties' dispute centers upon a contract, a claimed breach of that contract, and the potential responsibility of non-contracting parties for that claimed breach.

In January 2007, Kroger contracted with Pinnacle Construction Management, Inc.,

---

[1/] Kroger subsequently filed an amended complaint, but the claims remain substantively the same. [Doc. 22.]

-1-

Case No. 1:09-CV-722
Gwin, J.

("Pinnacle"), a Michigan business allegedly incorporated by the Merrills, to perform construction work on one of Kroger's Ohio stores.  As of February 2008, following legal troubles and at least one adverse judgment, the Merrills closed Pinnacle's operations.  Kroger contends that the Merrills then continued operations as A.J. Miles Company, Inc.  Kroger seeks to pierce the corporate veil of Pinnacle to support its allegations of fraud against the Merrills.

In the instant motion to dismiss or transfer venue, the Merrills argue that venue is not appropriate in the Northern District of Ohio because all of the Defendants reside in Michigan and a substantial part of the events giving rise to the Plaintiff's claims did not occur in Ohio. [Doc. 27.] The Defendants explain that "all of Plaintiff's claims are dependent upon a piercing the corporate veil theory, and all the events that supposedly give rise to/justify piercing the corporate veil occurred in Michigan." [Id. at 8-9.] These events allegedly include the commingling of funds, forming a successor entity, and making supposed admissions related to these activities. [Id. at 8.] The Defendants contend that nearly all relevant events alleged occurred in Michigan.  Even if venue is appropriate in the Northern District of Ohio, the Defendants argue that the convenience of the parties and witnesses warrants transfer of venue to the Eastern District of Michigan.

In opposing the motion to dismiss or transfer venue, Plaintiff Kroger argues that venue in the Northern District of Ohio is proper because a substantial portion of Kroger's complaint relates to a contract governing work the parties knew would be performed in Ohio. [Doc. 40 at 1.] Arguing that the Court need not consider whether Michigan is a *better* venue than Ohio, Kroger emphasizes the substantial relationship between the claims and this district. [Id. at 5.] The Plaintiff says, "It is undisputed that Pinnacle contracted to do work in Ohio, did work in Ohio, was sued in Ohio (along with Kroger), and defaulted on that suit.  Kroger has brought this suit, in part, to recover for the

-2-

Case No. 1:09-CV-722
Gwin, J.

breach of contract related to those events." [Id.] Further, Kroger argues that the Court should not grant a transfer of venue to the Eastern District of Michigan because the Defendants have failed to meet their burden of showing that the balance of factors favors transfer. [Id. at 6.] Kroger contends that it chose this forum, the claim arose in this district, and it will be more convenient for Kroger to litigate the case in this district because it is an Ohio corporation with Ohio attorneys, and many of Kroger's witnesses and all of its documents related to the case are in Ohio. [Id. at 7.]

In their reply, the Merrills further advance the argument that litigating this case in the Eastern District of Michigan will be more convenient for everyone. [Doc. 53.] The Merrills dispute Plaintiff Kroger's characterization that most witnesses and documents are located in Ohio. [Id. at 3.] Again, the Defendants argue that all the activities relevant to the theory of liability – piercing the corporate veil – occurred in Michigan. [Id. at 3-4.]

II. Legal Standard

*A. Dismissal*

When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *MedQuist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D. Ohio 1999). In resolving a Rule 12(b)(3) motion, a district court can consider materials outside the pleadings, but will generally accept all well-pleaded allegations as true unless the defendant's affidavits contradict those allegations. 5B WRIGHT & MILLER § 1352.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the district court "shall dismiss" the case. 28 U.S.C. § 1406(a); *see also* FED. R. CIV. P. 12(b)(3). Under the general venue statute, 28 U.S.C. § 1391(b),

A civil action wherein jurisdiction is not founded solely on diversity of citizenship

-3-

Case No. 1:09-CV-722
Gwin, J.

> may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In deciding whether a plaintiff's chosen venue is appropriate under § 1391(b), district courts must decide whether the district has a "substantial connection." *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 264 (6th Cir. 1998). The district court, however, need not compare the connection of its district to the connection of other districts or decide what district has the most substantial connection. *See id.* Generally, "most courts are quite lenient in finding that a substantial part of the events occurs in a district." 14D WRIGHT & MILLER § 3806.1.

*B. Transfer*

Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). But, "[I]f venue is proper, a plaintiff's choice of forum is given substantial weight," unless convenience and the interests of justice "strongly favor transfer." 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 3801*.

III. Analysis

Case No. 1:09-CV-722
Gwin, J.

*A. Dismissal*

The Defendants argue that the Northern District of Ohio is not a proper venue for the action under 28 U.S.C. § 1391 because they do not reside in this district and a substantial part of the events giving rise to the claim did not occur in this district.  The Merrills base this conclusion on the theory that Kroger seeks to pierce the corporate veil of Pinnacle, and the events justifying the piercing of the corporate veil substantially occurred in Michigan.  However, the critical issue in terms of venue is not the theory of liability, but the claims asserted.  Venue is proper in a district where a "substantial part of the events or omissions giving rise *to the claim* occurred."  28 U.S.C. § 1391(b) (emphasis added).  All of Kroger's claims – for declaratory judgment, breach of contract, and unjust enrichment – stem from a contract for construction work at an Ohio store and attendant litigation.  [Doc. 22 at 10-11.]  Therefore, a substantial part of the events or omissions giving rise to those contract-related disputes occurred in Ohio, including the Defendants' alleged failure to indemnify Kroger in an action stemming from that contract in an Ohio court.  Accordingly, the Northern District of Ohio is a proper venue for the action.

*B. Transfer*

The Defendants also argue for a transfer of venue to the Eastern District of Michigan for the convenience of "everyone" and because Michigan law will purportedly govern the case.  The Defendants fail, however, to demonstrate that the private and public interests "strongly favor" transfer.  The Court accords significant weight to a plaintiff's choice of forum when considering a motion to transfer. The Plaintiff chose to file this case in the Northern District of Ohio.  Kroger is an Ohio corporation, and operative facts giving rise to Kroger's complaint occurred in Ohio, including the alleged breach of contract regarding the Ohio store.  While the Defendants themselves

Case No. 1:09-CV-722
Gwin, J.

may not be located in Ohio, and their witnesses and documents may not be in Ohio, that is insufficient to merit transfer. Nor would the interests of justice be better served by transferring the case to Michigan. The alleged injury occurred here in Ohio, and the Defendants, through Pinnacle, availed themselves of the privilege of doing business in Ohio. The Court concludes that convenience and the interests of justice do not "strongly favor" transfer, weighed against the Plaintiff's choice of forum. The Court denies the Defendants' motion to transfer venue.

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion to dismiss for improper venue or to transfer venue. [Doc. 27.]

IT IS SO ORDERED.

Dated: July 9, 2009                          s/        *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE